FILED'09 JAN 07 10:21USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


TONY S. PLUNK,                                    Civ. No. 08-6006-AA

      Plaintiff,                            OPINION AND ORDER

   v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

      Defendant.
_____

John E. Haapala, Jr.
96 E. Broadway, Suite 5
Eugene, Oregon 97401
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Richard M. Rodriguez
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075
    Attorneys for defendant


1    - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for Supplemental Security Income (SSI) disability benefits.  For the reasons set forth below, the Commissioner's decision is affirmed.

BACKGROUND

On April 28, 2005, plaintiff protectively filed an application for SSI benefits.  Tr. 55-59.  The application was denied initially and upon reconsideration.  Tr. 24-25, 28-30, 33-37.  After timely requesting a hearing, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ) on July 31, 2007.  Tr. 276-94.  On August 23, 2007, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act.  Tr. 13-23.  On October 26, 2007, the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  Tr. 5-7.  Plaintiff seeks judicial review.

Born in 1963, plaintiff was forty-four years old at the time of the ALJ's decision, with a high-school equivalent education and past relevant work as a cannery worker, furniture assembler, and janitor.  Tr. 22.  Plaintiff alleges disability as of September 1997 due to chronic back pain, fatigue, degenerative disc disease, and numbness and loss of fine motor skills in his left hand.  Tr.

75-76, 79, 86-87, 272-73, 283.    Plaintiff also claims mental
impairments of generalized anxiety, depression, anti-social and
personality disorders, and substance abuse.    Tr. 275-78.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is
based on the proper legal standards and the findings are supported
by substantial evidence in the record.    Hammock v. Bowen, 879 F.2d
498, 501 (9th Cir. 1989).    Substantial evidence is "more than a
mere scintilla.    It means such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion." Richardson
v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison
v. NLRB, 305 U.S. 197, 229 (1938)).    The court must weigh "both the
evidence that supports and detracts from the [Commissioner's]
conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir.
1986).    Where the evidence is susceptible to more than one rational
interpretation, the Commissioner's conclusion must be upheld.
Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to
establish disability.    Howard v. Heckler, 782 F.2d 1484, 1486 (9th
Cir. 1986).    To meet this burden, a claimant must demonstrate an
"inability to engage in any substantial gainful activity by reason
of any medically determinable physical or mental impairment which
can be expected . . . to last for a continuous period of not less

3    - OPINION AND ORDER

than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had engaged in substantial gainful activity since his alleged disability onset date of September 5, 1997, but not since his protective filing date of April 28, 2005.  Tr. 16.

At steps two and three, the ALJ found that plaintiff had severe impairments of degenerative disc disease with residual chronic back pain status post two lumbar surgeries, anxiety and personality disorders, but that plaintiff's impairments did not meet or equal "one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 16, 18; 20 C.F.R. §§ 416.920(c)-(d), 416.925, 416.926.

At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant can perform past relevant work.  20 C.F.R. § 416.920(e)-(f).  Here, the ALJ found that plaintiff retained the RFC to perform a reduced range of light exertional work with a sit/stand option so that he can alternate positions.  Tr. 19.  The ALJ found that plaintiff could lift 20 pounds occasionally and less than 10 pounds frequently, and that he should avoid outdoor work and frequent interaction with the general public.  Tr. 19.  Based on this RFC

4   - OPINION AND ORDER

assessment, the ALJ found that plaintiff could not perform his past
relevant work.  Tr. 22.

At step five, the Commissioner bears the burden to establish
that the claimant is capable of performing other work that exists
in significant numbers in the national economy.  Yuckert, 482 U.S.
at 141-42; 20 C.F.R. § 416.920(g).  Considering plaintiff's age,
education, work experience, and RFC, the ALJ found that there are
a significant amount of jobs in the national economy that plaintiff
could perform, including a bench worker and packing line inspector.
Tr. 22-23.   Therefore, the ALJ found that plaintiff was not
disabled within the meaning of the Act.  Tr. 23.

DISCUSSION

Plaintiff first argues that the ALJ erred at step two by
"dismissing" plaintiff's diagnosis of myelopathy, a form of spine
degeneration, and failing to find it as a "severe" impairment.  In
doing so, plaintiff contends that the ALJ disregarded the opinion
of a treating physician in favor of a non-examining physician.  I
disagree.

Although the ALJ did not identify "myelopathy" as a severe
impairment, he found plaintiff's degenerative disc disease
generally to be severe.  Tr. 16-17.  Further, the ALJ found that
plaintiff's RFC was affected by limitations associated with
degenerative disc disease, including a lifting restriction of
twenty pounds and a sit/stand option.  Tr. 17, 19, 290.  Finally,

5    - OPINION AND ORDER

the ALJ relied on the assessment of Dr. Westfall, a non-examining physician who noted plaintiff's secondary diagnosis of myelopathy. Tr. 17, 138.  Therefore, I find no error in the ALJ's analysis at step two.

Plaintiff also argues that the ALJ did not offer clear and convincing reasons for failing to consider the opinions of Dr. Brewster, an examining physician, and Drs. Kaiser and Newhall.

I find plaintiff's reliance on Dr. Brewster puzzling, given Dr. Brewster's opinion that plaintiff could perform medium work. Upon a complete orthopedic examination in June 2005, Dr. Brewster found that plaintiff exhibited no significant physical restrictions and had normal responses to strength, sensory, range of motion, and reflex testing.  Tr. 247-54.  Further, plaintiff reported to Dr. Brewster that he could stand and/or walk for six to eight hours in a day and could not lift over fifty pounds, restrictions Dr. Brewster found reasonable and consistent with medium exertional work.  Tr. 249, 250, 253.  Despite plaintiff's representations to Dr. Brewster – statements inconsistent with his current allegations of disability – and Dr. Brewster's findings, the ALJ gave plaintiff "the benefit of the doubt" and found him restricted to light work. Tr. 19.  Thus, acceptance of Dr. Brewster's opinion detracts from plaintiff's allegations of disability and bolsters the ALJ's findings.

Regardless, I find that the ALJ adequately assessed Dr.

Brewster's findings.    First, even though the ALJ did not specifically mention Dr. Brewster in his written decision, the ALJ noted that plaintiff underwent a consultive examination in June 2005 and summarized Dr. Westfall's assessment, which was based in large part on Dr. Brewster's findings.  Tr. 17.   Second, at the administration hearing, the ALJ noted Dr. Brewster's restriction of medium work but nonetheless found that plaintiff was limited to a reduced range of light work.   Tr. 290.

Plaintiff also argues that the ALJ erred by failing to address the evaluations of Drs. Kaiser and Newhall, physicians who treated plaintiff on two separate occasions in 2005 and 2007.  Plaintiff argues that the observations of these doctors supports his claim of myelopathy and associated hand numbness, limitations not addressed by the ALJ.

However, the evaluations by Drs. Newhall and Kaiser are not significantly probative of plaintiff's functional restrictions or his ability to perform work activity.  Dr. Kaiser saw plaintiff in January 2007 at an urgent care clinic where plaintiff complained of neck pain following a bicycle crash.  Tr. 263.   Dr. Kaiser found that plaintiff had some tenderness in his neck muscles and noted slight decreased sensation over plaintiff's left fingers compared to his right fingers.  Tr. 263-264.  However, Dr. Kaiser found no continuing limitations and told plaintiff to return in a week if his condition had not improved.   Tr. 164.   The record does not

include documentation of a follow-up visit.  Moreover, the symptoms reported to Dr. Kaiser were attributed to a bicycle crash rather than plaintiff's alleged disability.

Dr. Newhall's observations similarly lack probative value. Plaintiff saw Dr. Newhall in May of 2005, complaining of an elbow injury and loss of hand strength from a bicycle accident that occurred in December 2004.  Dr. Newhall prescribed a muscle relaxant and did not schedule a follow-up appointment.  Tr. 245. Dr. Newhall made no findings regarding the severity of plaintiff's symptoms or whether they resulted from plaintiff's degenerative disc disease.  Accordingly, I find no error in the ALJ's assessment of the medical evidence.

Next, plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting his subjective complaints of pain.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).  The ALJ rejected the severity of plaintiff's complaints based on his daily activities (including riding a bike and "dumpster diving"), plaintiff's inconsistent statements of record, the lack of medical evidence supporting his complaints, and his failure to seek medical treatment.

I find that the ALJ did not err by rejecting plaintiff's testimony.  The record is replete with inconsistent statements by plaintiff, and some of his daily activities and the medical evidence of record conflicts with his allegations of disabling

pain.   For example, as noted by the ALJ, plaintiff engaged in substantial work activity after his alleged onset of disability; plaintiff gave inconsistent reports of his ability to care for himself, his daily activities, and his exertional limitations; and plaintiff's frequently rides a bike, activity inconsistent with his allegations of back pain, hand cramps, and numbness.   Tr. 19. Further, in June 2005 plaintiff reported to Dr. Brewster, an examining physician, that he was not limited in self-care activities and could walk and stand for six to eight hours per day - statements inconsistent with those on his application and during the administrative hearing.   Tr. 17, 79-80, 112, 249-50, 272-73. Finally, the ALJ noted that plaintiff worked after his back surgery in 1999 and lost his job due to "down-sizing" rather than disability.   Tr. 17.

Therefore, I find these reasons given by the ALJ to be specific, clear and convincing, and free of error.   Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001).

Finally, plaintiff argues that the hypothetical propounded to the vocational expert was inaccurate and did not include his mental impairments, substance abuse, or subjective complaints.   DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).   The ALJ is free to reject restrictions in a hypothetical question that are not supported by reliable evidence.   Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001); Bayliss v. Barnhart, 427 F.3d 1211, 1217

(9th Cir. 2005). Here, the ALJ's hypothetical included work related limitations that were supported by the medical evidence of record and plaintiff's credible complaints of back pain. In fact, the ALJ's hypothetical included lifting restrictions in excess of those recommended by both examining and non-examining physicians. No physician diagnosed plaintiff with significant mental limitations, and the ALJ's restriction on interacting with the general public addressed the limitations caused by plaintiff's anxiety.

Therefore, I find that the ALJ gave an accurate hypothetical and properly relied upon the testimony of the vocational expert.

<u>CONCLUSION</u>

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this _6_ day of January, 2009.

Ann Aiken
United States District Judge